UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
SCHENKER A.G.,                                              :  **MEMORANDUM DECISION**
                                        Plaintiff,          :  **AND ORDER**
                                                            :
            - against -                                     :  14 Civ. 4711 (BMC) (PK)
                                                            :
SOCIÉTÉ AIR FRANCE, KONINKLIJKE                             :
LUCHTVAART MAATSCHAPIJ N.V.,                                :
MARTINAIR HOLLAND N.V., CARGOLUX                            :
AIRLINES INTERNATIONAL, S.A., NIPPON                        :
CARGO AIRLINES CO., LTD., ALL NIPPON                        :
AIRWAYS CO., LTD. QANTAS AIRWAYS                            :
LIMITED, and SAS CARGO GROUP A/S,                           :
                                                            :
                                        Defendants.         :
----------------------------------------------------------- X

**COGAN**, District Judge.

Upon the recent reassignment of this case to me, I found a long-pending motion by Société Air France ("Air France"), Koninklijke Luchtvaart Maatschappij ("KLM"), and Martinair Holland N.V.'s ("Martinair") (hereinafter "defendants"). Defendants have asked this Court to stay or dismiss the action against them pending the resolution of an action that they brought in the Netherlands which seeks a declaratory judgment that they committed no antitrust violations in the United States as well as abroad. Defendants' motion presents the Court with a question of how much deference this Court should give to a first-filed proceeding pending in another jurisdiction that could result in potentially duplicative litigation efforts. Because defendants have already had a *de facto* stay of nearly a year while the motion has been pending and the Dutch action still appears far from resolution, and because the applicable factors do not favor a further stay, defendants' motion is denied.

**BACKGROUND**

Plaintiff is a freight forwarder based in Germany that provides logistical and freight forwarding support to customers that require the transportation of goods within, to, and from the U.S. It alleges that defendants participated in a conspiracy among various air carriers to fix surcharges imposed on airfreight services. Defendants Qantas, Air France, and KLM have pled guilty to criminal conspiracy for violations of the Sherman Act. They have reached settlements with the plaintiffs in the Air Cargo litigation that is currently pending before this Court.

Plaintiff opted out of a settlement agreement with the Air Cargo class in 2011 that included Air France, KLM, and Martinair. Meanwhile, around the same time, the European Commission determined that certain airfreight carriers, including defendants, had illegally conspired to fix surcharges in violation of European competition laws. On April 7, 2011, defendants commenced the Dutch Action and served plaintiff, along with certain affiliates, with a Writ of Summons which set forth defendants' request for negative declaratory relief. Defendants seek a declaration that they are not liable to plaintiff for any violation of antitrust law, including U.S. federal law, and European competition law.

The parties began settlement discussions and entered a Confidentiality Agreement to facilitate those discussions on December 20, 2011. As part of that agreement, the parties stipulated to stay the Dutch action pending the settlement discussions. The Confidentiality Agreement gave defendants the right to resume the Dutch action if plaintiff initiated secondary litigation in any jurisdiction. The Agreement also provided that the agreed-upon stay could not be used as a basis for arguing in favor of a particular forum: "Specifically, and for the avoidance of doubt, no Party shall contend that this Agreement, the Amicable Discussions, or any postponement of any pending or threatened proceedings to facilitate the Amicable Discussions

should, or may, be considered or shall have any effect on the determination of the jurisdiction in which any litigation between the Parties . . . may be heard." The parties extended the agreement four times during the pendency of the settlement discussions – the last extension expired on December 31, 2013.

Plaintiff filed its complaint on August 7, 2014. It initially sued Air France, KLM, Martinair, Cargolux Airlines International S.A. ("Cargolux"), SAS Cargo Group A/S ("SAS"), Qantas Airways Limited ("Qantas"), Nippon Cargo Airlines Co., Ltd ("Nippon Cargo"), and All Nippon Airways Co., Ltd. ("Nippon"). Subsequently, on August 25, 2014, plaintiff dismissed Nippon Cargo without prejudice. Plaintiff dismissed SAS, Cargolux, and Nippon, with prejudice.

Defendants then resumed the Dutch action on August 29, 2014. The parties have been engaged in motion practice in the Dutch proceeding. In the summer of 2015, the parties notified the Court that plaintiff's motion to dismiss in the Dutch proceeding had been denied, as had its motion for leave to appeal. Plaintiff has therefore answered the Dutch proceedings.

Additionally, one of plaintiff's affiliates, Barnsdale Cartel Damage Solutions AG ("Barnsdale"), filed an action in Cologne, Germany against certain carriers for damages based on shipping services provided to plaintiff. The Barnsdale action has been consolidated with the Dutch action but Barnsdale is still challenging the jurisdiction of the Dutch court.

No discovery has been undertaken in the instant case yet. Plaintiff has recently moved to amend its complaint to add two new defendants who, like plaintiff, opted out of the Air Cargo settlement.

**DISCUSSION**

Generally, concurrent jurisdiction in U.S. courts and the courts of a foreign sovereign does not result in conflict. See China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.3d 33, 36 (2d Cir. 2006). The mere existence of parallel foreign proceedings does not negate the district courts' "virtually unflagging obligation . . . to exercise the jurisdiction given them." Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 92 (2d Cir. 2006). The Second Circuit has held that "only the clearest of justifications will warrant dismissal." Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976)).

A district court should only surrender its jurisdiction in "exceptional circumstances." Id. at 93. In evaluating whether to stay or dismiss an action during the pendency of parallel proceedings in a foreign court, a district court should be guided by "an evaluation of various factors, such as the similarity of the parties, the similarity of the issues, the order in which the actions were filed, the adequacy of the alternate forum, the potential prejudice to either party, the convenience of the parties, the connection between the litigation and the United States, and the connection between the litigation and the foreign jurisdiction." Id. at 94.

The Second Circuit has further noted that "the existence of a parallel action in an adequate foreign jurisdiction must be the beginning, not the end, of a district court's determination of whether abstention is appropriate. . . . [C]ircumstances that routinely exist in connection with parallel litigation cannot reasonably be considered exceptional circumstances, and therefore the mere existence of an adequate parallel action, by itself, does not justify the dismissal of a case on grounds of international comity abstention." Id.

I have evaluated the various factors set forth above and I have concluded that "exceptional circumstances" are not present here. First, the parties are similar, but not entirely the same. The pending U.S. lawsuit also involves Qantas, and if plaintiff's complaint is amended, potentially Asiana Airlines Inc. and Nippon. If the case is stayed pending resolution of the Dutch action, these other defendants will be unable to resolve the claims against them for a significant period of time. It is not in the interests of judicial efficiency to postpone resolution of these actions – especially since it is unclear how many months or years it will take to resolve the Dutch action.

Defendants' claim that the Dutch action is at a more advanced stage than this case does not present an exceptional circumstance – that litigation is not about to conclude and defendants cannot estimate with any reasonable certainty how long it will take before a judgment is issued.

Second, the issues are not entirely the same. It is true that both involve allegations of a global conspiracy. The Dutch action, however, is essentially an action for a declaratory judgment. Additionally, a significant issue in that case will be whether the "pass-on defense" applies. Defendants allege that plaintiff and its affiliates were not injured because they were able to pass on the alleged damages to their own clients. This defense is not recognized under United States law, Hanover Shoe, Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 494, 88 S. Ct. 2224 (1968); thus, the legal issues between the two cases are not entirely overlapping.

Finally, although defendants were technically first to file their action in the Netherlands, they have certainly been on notice since the commencement of the Air Cargo litigation almost ten years ago that they could be facing lawsuits related to their conduct in the United States; indeed, there seems little doubt that this is why they included a request to exonerate them from liability under United States' law in their declaratory judgment action. However, in domestic

5

litigation, it is well settled that the general preference for deferring to the first-filed action does not apply when the first-filed action seeks declaratory relief in response to a direct threat of litigation. See Employers Ins. Of Wausau v. Fox Entertainment Group., Inc., 522 F.3d 271, 276 (2d Cir. 2008). The same lack of deference should apply in international litigation like this where the motivation for getting the first action on file and seeking to capture the forum is the same.

Although it can be expensive and time consuming for parties to have to litigate similar conduct in different forums, the Court does not find this factor gives rise to exceptional circumstances, especially when considered among the "totality of the circumstances" presented by this case. Royal & Sun, 466 F.3d at 94. Additionally, the Netherlands may provide an adequate forum for this case, but the conduct is also closely tied to the United States because of allegations about the nature of the conspiracy. In sum, although some factors cut against this court's continued exercise of jurisdiction over the present lawsuit, they are not exceptional. The Court is confident that if it continues to exercise its jurisdiction, the case can swiftly move forward into discovery and proceed forward.

## CONCLUSION

Based on the totality of the circumstances, as set forth above, defendants' motion to stay or dismiss the complaint [52] is denied. The case is referred to Magistrate Judge Kuo to set an expedited discovery schedule that will bring this case to trial at the earliest possible date.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      April 13, 2016